## SCHUETTER v MERS

Ohio Appeals, 1st Dist, Hamilton Co

No 4313.   Decided June 26, 1933

580

Leonard H. Freiberg, Cincinnati, for plaintiff in error.

Froome Morris, Cincinnati, and M. Froome Barbour, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

The sole question is: Was there any evidence under the scintilla rule requiring the submission of the case to the jury, or, as in this case, to the court sitting in the absence of a jury?

There is evidence tending to show that Mers pulled out from the curb, making a U turn in the street, and without looking drove into the Witsken machine, striking the Witsken machine in the side. There is evidence the collision occurred beyond the middle of the street on Witken's side, the north side; that instead of turning into the east traffic lane, he came across the street at a great burst of speed and ran into Witsken's car. Of course, this is denied by Mers, but the physical facts are that Witsken's car was struck in the side.

There is some evidence tending to show that the collision occurred on Mers' side, to the south of the center of the street.

Witsken is corroborated by witness George Kruck, who was driving a milk wagon and was immediately behind Mers when he pulled out from the curb. He testified that Mers was pulling away from the curb and looking in his direction, to the back. The Ford (Witsken's car) was coming down the street. The driver of the Ford saw Mers was going to hit him, and that is what happened. Witsken was coming on his proper side of the street. Mers pulled away from the curb, and was looking in Kruck's direction. Mers was not looking ahead, and his machine hit the Ford in the middle of the car. The impact occurred about the middle of the street.

Enough has been said to show there was ample evidence to sustain the trial court in finding that Mers was guilty of negligence directly contributing to the accident that caused the injury. Witsken's negligence could not be imputed to Schuetter.

The Court of Common Pleas was in error in reversing the judgment of the Municipal Court as to Mers and in entering judgment in his favor. The judgment of the Court of Common Pleas is reversed, and that of the Municipal Court affirmed.

ROSS and CUSHING, JJ, concur.